**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Manuel Hernandez, | No. CV-22-01182-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

This matter is before the Court on Victor Manuel Hernandez ("Petitioner") *pro se* Amended Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 (Doc. 5), and the Report and Recommendation ("R&R") (Doc. 15) issued by United States Magistrate Judge Eileen S. Willett on December 19, 2022. The R&R found that Petitioner's Petition is untimely and recommends dismissal with prejudice, without an evidentiary hearing. (Doc. 15 at 8). It also recommends that a certificate of appealability and leave to proceed in forma pauperis be denied. (*Id.*)

The R&R advised the parties that they had fourteen (14) days to file objections and that the failure to timely do so "may result in the acceptance of the Report and Recommendation by the district court without further review." (*Id.*) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003)). On January 9, 2023, Petitioner filed a "Motion to Reply to the R&R of the State Attorney General's Assistant's Response," seeking "collateral review and allow presentation of fact in an evidentiary hearing." (Doc. 16). Then, on March 6, 2023, he filed a "Motion to Redirect for the

Allowance of the Opportunity to Object on the Record and request this Court the Opportunity to Have the Petitioner's Constitutional Violations to be Heard in Accordance with § 33.3." (Doc. 18).  On April 24, 2023, Petitioner filed a "Motion for Summary Index of Record and Advise the Petitioner When the Order the Telephonic Conference will take Place." (Doc. 20).  Apart from the caption headings, none of Petitioner's Motions contain substantive arguments or otherwise identify objections to the R&R. Respondent filed Responses to all three Motions (Docs. 17, 19, 21).  In their Responses, they point out that Petitioner has not file timely objections to the R&R, has not sought an extension of time to do so, and to the extent his Motions can be construed as asking to expand the record and for an evidentiary hearing, has not articulated good cause for additional discovery or an evidentiary hearing.  (*Id.*)

The Court agrees with Respondents.  While the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a petitioner objects, *see* Fed. R. Civ. P. 72(b)(3), a petitioner's "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

Moreover, Rule 72(b)(2) requires "*specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(2) (emphasis added).  "Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (citing *See, e.g., Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). *See also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (finding that "a party must object to [a] finding or

recommendation. . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" and citing cases standing for same proposition from the Third, Sixth, Seventh, and Tenth Circuits).

Petitioner has neither timely nor specifically objected to the R&R. His first post-R&R filing was made twenty-five (25) days after Judge Willett issued the R&R, and it does not explain why it could not have been filed by the fourteen (14) day deadline. Petitioner also fails to articulate any specific objection to Judge Willett's R&R; indeed, his Motions appear to be requests that this Court provide a forum to present the claims in his Petition. But the specificity requirement in Rule 72(b) is meant to serve judicial economy by requiring that the parties identify what portions of the R&R they object to in a timely manner. Petitioner's Motions do not identify any objectionable portion of the R&R. Thus, even if Petitioner's filings can be construed as objections, they are too general to trigger a *de novo* review of his Petition. *Accord Warling*, 2013 WL 5276367, at *2 (rejecting Petitioner's general objection to the R&R because "review of an entire R&R would defeat the efficiencies intended by Congress"). Moreover, because they lack any substantive arguments, the Motions also do not establish the requisite cause for record development or an evidentiary hearing.

The Court has nonetheless reviewed Judge Willett's thorough R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and dismiss the Petition. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed. R. Civ. P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that the R&R (Doc. 15) is **accepted** and **adopted** as the Order of this Court. Petitioner's Motions (Docs. 16, 18, 20) are **denied**.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) is **denied and dismissed with prejudice.** Petitioner's request for an evidentiary hearing is **denied**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 15th day of June, 2023.

Honorable Diane J. Humetewa
United States District Judge